**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1979-17T1

U.S. BANK NATIONAL
ASSOCIATION, as Trustee
under Pooling and Servicing
Agreement Dated as of December
1, 2006 MASTR Asset-Backed
Securities Trust 2006-NC3 Mortgage
Pass-Through Certificates, Series
2006-NC3, by its attorney in fact,
Ocwen Loan Servicing, LLC,

     Plaintiff-Respondent,

vs.

MICHAEL MCMAHON,

     Defendant-Appellant,

and

ANGELA MCMAHON, husband
and wife, CAPITOL ONE BANK
U.S., N.A., c/o Lyons, Doughtry
& Veldhuis, Mers, Inc., as Nominee
for New Century Mortgage Corporation,

     Defendants.

_____

Submitted January 8, 2019 – Decided January 30, 2019

Before Judges Hoffman and Geiger.

On appeal from Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No F-010062-12.

Law Offices of Frederick Coles, III, attorneys for appellant (Frederick Coles, III, on the briefs).

Duane Morris LLP, attorneys for respondent (Jessica A. Kolansky, of counsel and on the brief; Brett L. Messinger and Stuart I. Seiden, on the brief).

PER CURIAM

In this mortgage foreclosure case, defendant Michael McMahon appeals from the final judgment of foreclosure in favor of plaintiff U.S. Bank National Association, as Trustee under Pooling and Servicing Agreement Dated as of December 1, 2006 MASTR Asset-Backed Securities Trust 2006-NC3 Mortgage Pass-Through Certificates, Series 2006-NC3.  We affirm.

I.

On August 14, 2006, defendants Michael McMahon and Angela McMahon executed and delivered a note to New Century Mortgage Corporation (New Century) for $320,000.  Defendants also executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for New Century, granting a security interest in their residential property located in

Matawan. The mortgage was recorded in the Monmouth County Clerk's Office. MERS assigned the mortgage to U.S. Bank National Association in May 2007, and the assignment was recorded with the Clerk's Office. A corrected assignment was filed in April 2012 to include plaintiff's proper name as the assignee of the mortgage. Defendants defaulted on the loan in January 2007.

In June 2012, plaintiff filed this foreclosure action and defendants removed it to federal court. Ultimately, the Third Circuit remanded the matter to state court and both sides filed motions for summary judgment. The trial court granted plaintiff's motion and denied defendant's motion. The trial court entered a final judgment of foreclosure on October 23, 2017. This appeal followed.

II.

On appeal, defendant raises but one argument: that plaintiff lacked standing to foreclose. We review the grant and denial of summary judgment de novo. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014).

Defendants have not paid the mortgage since January 2007 and have no valid defenses to the foreclosure action. Plaintiff submitted legally competent evidence to establish its standing to file the foreclosure complaint, the

3

borrowers' default, the amount due, and plaintiff's entitlement to a judgment of foreclosure.

We have considered defendant's argument and based on our de novo review, we find it clearly lacks merit. R. 2:11-3(e)(1)(E). We therefore affirm substantially for the reasons stated by the trial court.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1979-17T1